Mr. Justice Walker delivered the opinion of the Court. We do not very readily perceive the grounds upon which the Circuit Court held the record in this case to be insufficient to sustain the issue on the part of the plaintiffs. From the argument of the counsel, however, we may infer that the objection was, that the judgment was void for the want of service or appearance of the defendant to that action! The return on the writ is in the following words: “Served the defendant by leaving a copy of the original at his most notorious place of abode, July 19, 1848.” It is true, this would not be a sufficient service under our statute, but it may, notwithstanding, have been valid under the statute of Georgia. The question is not, however, whether the service was so defective as to furnish grounds for reversing the judgment upon error or appeal, but whether the judgment is a mere nullity; for, unless void, it is conclusive of the rights of the parties in that suit until reversed or set aside. As a judgment of this court, it would, clearly, only be erroneous and reversible on error, but, until reversed, valid and obligatory. Borden v. State, 6 Eng. 525. And we have held in Barkman v. Hopkins et al., and May v. Jamison, 6 Eng. 372, that the record of a sister State is entitled to the same credit here, and alike conclusive, as if rendered in the courts of this State. It is true that judgment was taken upon constructive notice, and that the defendant failed to appear to the action. In case the defendant had been a non-resident of the State of Georgia, he might, by special pica, (as was done in the case of Barkman v. Hopkins,) have questioned the sufficiency of the service and the validity of the judgment. But this he has not done, and under the plea of nut tiel record, the court could not look beyond the record, but as we have remarked, it is to be received as a record, entitled to the same credit that the records of our own courts are. It was, in other respects, informal, but is, nevertheless, the judgment of the court of a sister State, regularly certified, and corresponding with the declaration. The Circuit Court should therefore have received it as evidence under the issue of nul tiel record, and for as much as the court decided against the sufficiency of the record, its judgment must be reversed, and the cause remanded, to be proceeded in according to law; and with instructions to dispose of the issue at law, upon the plea of nil debet. which, as appears of record, remains in that court undetermined.